UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                       :
CHERYL LYNN HOLLIS,                                    :
                              Plaintiff,               :
                                                       :              19 Civ. 10946 (LGS)
                 -against-                             :
                                                       :                    ORDER
                                                       :
COMMISSIONER OF SOCIAL SECURITY,                       :
                              Defendant.   :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on October 13, 2020, the Court issued a Stipulation and Order through

which the parties agreed to reverse and remand this action to the Commissioner of Social

Security (Dkt. No. 21), and the Clerk of Court entered judgment in favor of Plaintiff (Dkt. No.

22).

      WHEREAS, on January 7, 2021, Plaintiff filed a motion for attorney's fees pursuant to

the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412 (Dkt. No. 23), based in part on

the grounds that "[j]udgment was entered and has not been appealed," and "Plaintiff has

prevailed because the District Court remanded the case under sentence four of 42 U.S.C.A. §

405(g)" (Dkt. No. 25, 2/2) (the "Motion").

      WHEREAS, pursuant to Federal Rule of Civil Procedure 54, "[u]nless a statute or a court

order provides otherwise," a claim for attorney's fees must "be filed no later than 14 days after

the entry of judgment."  Fed. R. Civ. P. 54(d)(2)(B)(i).

      WHEREAS, "[f]ee applications under the EAJA must be filed within 30 days of a 'final

judgment,' 28 U.S.C. § 2412(d)(1)(B), which is defined as a determination 'that is final and not

appealable.'  *Id*. § 2412(d)(2)(g)."  *Fed. Election Comm'n v. Political Contributions Data, Inc.*,

995 F.2d 383, 385 (2d Cir. 1993); *accord Santiago v. Comm'r of Soc. Sec.*, No. 19 Civ. 4001,

2020 WL 7335310, at *2 (S.D.N.Y. Dec. 14, 2020) (explaining that "the EAJA requires: (1) that the claimant be a prevailing party; (2) that the Government's position was not substantially justified; (3) that no special circumstances make an award unjust; and (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement") (internal citations and quotation marks omitted).

WHEREAS, "[a] judgment becomes final 60 days after entry of judgment if the federal agency does not appeal the judgment." *Baker v. Saul*, No. 17 Civ. 8433, 2020 WL 2768787, at *4 (S.D.N.Y. May 1, 2020), *report and recommendation adopted*, 2020 WL 2765685, at *1 (S.D.N.Y. May 28, 2020).  It is hereby

**ORDERED** that the Motion, which was filed 86 days after the Clerk of Court entered judgment, is **DENIED** as untimely.

The Clerk of Court is directed to close the motion at Docket No. 23.


Dated: January 11, 2021
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2