```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
   CHERYL LYNN HOLLIS,                                        :
                                 Plaintiff,                   :
                                                              :      19 Civ. 10946 (LGS)
                  -against-                                   :
                                                              :           ORDER
                                                              :
   COMISSIONER OF SOCIAL SECURITY,                            :
                                 Defendant.                   :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 11, 2021, the Court issued an Order denying Plaintiff's motion for attorney's fees pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C.A. § 2412 (Dkt. No. 23) (the "Motion for Attorneys' Fees), on the ground that the motion -- filed 86 days after the Clerk of Court entered judgment -- was untimely. Dkt. No. 26.

WHEREAS, on January 14, 2021, Plaintiff filed a motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e), on the ground that the January 11, 2021, Order is clearly erroneous (the "Motion to Alter Judgment"). Dkt. Nos. 27 and 28. The Motion to Alter Judgment contends that the January 11, 2021, Order properly cites the law -- namely that:

- pursuant to 28 U.S.C. § 2412(d)(1)(B), fee applications under the EAJA must be filed within 30 days of a final judgment; and
- if not appealed, a judgment is final 60 days after entry.

However, the application of the law in the January 11, 2021, Order is clearly erroneous because the Motion for Attorneys' fees fell within the 90-day window for timely filing (60 days until the judgment became final + 30 days after the judgment became final).

WHEREAS, the Commissioner of Social Security consents to the relief requested in the Motion to Alter Judgment. Dkt. No. 28.

WHEREAS, "[t]he standards governing motions to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument . . . are the same." *Shull v. TBTF Prods., Inc.*, No. 18 Civ. 12400, 2020 WL 5549520, at *1 (S.D.N.Y. Sept. 16, 2020) (internal citations and quotation marks omitted). "A motion for reconsideration should be granted only when the [party seeking reconsideration] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); *accord Hidalgo v. New York City Dep't of Educ.*, 19 Civ. 2590, 2021 WL 76209, *3 (S.D.N.Y. Jan. 8, 2021). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Stewart v. Hudson Hall LLC*, No. 20 Civ. 885, 2021 WL 82271, at * 3 (S.D.N.Y. Jan. 11, 2021). It is hereby

**ORDERED** that the Motion to Alter Judgment is **GRANTED** to correct a clear error. Plaintiff's Motion for Attorneys' Fees was filed 86 days after the Clerk of Court entered judgment and fell within the 90-day window to file such a motion. **This Order supersedes the January 11, 2021, Order at Docket No. 26**. It is further

**ORDERED** that the Commissioner of Social Security shall file any opposition to the Motion for Attorneys' Fees by **February 5, 2021**, and Plaintiff shall file any reply by **February 12, 2021**.

The Clerk of Court is respectfully directed to close the motion at Docket No. 27.

Dated: January 22, 2021
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**